# BALLON STOLL P.C.

COUNSELORS AT LAW             FOUNDED 1931                               810 SEVENTH AVENUE
                                                                                   SUITE 405
                                                                          NEW YORK, NY 10019
                                                                             Ph: 212-575-7900

                                                                             www.ballonstoll.com

July 23, 2024

**VIA ECF**

Hon. Brian M. Cogan, U.S.D.J.
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Michelle Beckles v. New York City Department of Education, 23-cv-08663 (BMC)

Dear Judge Cogan:

This office represents Plaintiff in the above-referenced action. We respectfully submit this letter on behalf of Plaintiff to request a conference where Plaintiff will seek to motion to compel Defendant to appear for its 30(b)(6) deposition before the close of fact discovery.[1]

Counsel have exchanged extensive written correspondence about these issues and conferred via telephone on July 19, 2024, but did not reach a resolution.

Plaintiff served her discovery demands on May 28, 2024. Defendant served its discovery responses on June 27, 2024. Defendant then email Plaintiff a deposition notice on July 1, 2024, and Plaintiff's counsel emailed Defendant two days later on July 3, 2024 regarding designation of an entity representative for Defendant's deposition. Defendant responded that Plaintiff should serve an official 30(b)(6) notice. Plaintiff did so on July 9, 2024. The notice set the date for Defendant's deposition as July 23, 2023, and contained eight subject matters. After Plaintiff followed up on July 16, 2024, Defendant served a letter objecting to all eight subject matters in Plaintiff's 30(b)(6) notice the same day. Since then, the parties have exchanged extensive further letter correspondence disagreeing on the scope of Defendant's 30(b)(6) deposition (July 16, 17, and 22 letters from Plaintiff and a second letter from Defendant on July 19). As discussed above, the parties also conferred via telephone on July 19, 2024. Following the above, the remaining dispute is as follows:

---

[1] Following the Court's denial of an extension request yesterday evening, Plaintiff's counsel sent a letter to Defendant's counsel explaining Plaintiff's intention to further confer and submit a joint letter for this request. As explained in that letter, Plaintiff later that evening sent a draft of this letter as a proposed joint letter to Defendant's counsel. Given that the close of fact discovery is tomorrow, Plaintiff's counsel requested that Defendant get back to Plaintiff no later than 10:30 AM today regarding the dispute and any proposed revisions to the proposed joint letter. At 9:26 AM, today, Defendant's counsel emailed this office that it would not have time to review the draft joint letter before 10:30 AM and even at any time this morning (despite previously indicating availability for 11:00 AM today to discuss the parties' extension request). Defendant's counsel, therefore, refused to consent to the joint letter. Accordingly, faced with no choice, Plaintiff submits this as a letter on behalf of Plaintiff alone.

Hon. Brian M. Cogan, U.S.D.J.
July 23, 2024
Page 2

Plaintiff has narrowed the scope of the subject matter in Defendant's 30(b)(6) deposition to the reasoning of the specific employee of Defendant who reviewed and denied Plaintiff's requests for religious exemption to the COVID-19 vaccine mandate as set forth in her Complaint. This is a narrowed, consolidated version of Subject Matters (5) and (6) out of the eight subject matters listed Plaintiff's 30(b)(6) notice.[2] Plaintiff seeks to depose Defendant on this topic as it relates to Defendants second and seventh affirmative defenses of legitimate non-discriminatory business reasons and undue burden, which are also key legal issues in this matter alleging that the denial of said exemption was religious discrimination and a denial of a reasonable religious accommodation.

Among its discovery production, Defendant has produced its position statement from the EEOC and the deposition testimony of Katherine Rodi from another lawsuit by a different teacher of Defendant's. Defendant argues that these can constitute more efficient alternative forms of discovery on the above issue than to take Defendant's 30(b)(6) deposition. Plaintiff argues that both the position statement and Rodi deposition only bear on Defendant's general reasoning and process in denying religious exemption requests that it believed posed undue burdens but does not explain why Defendant specifically determined that granting Plaintiff's specific requests would impose an undue burden.

Defendant further argues that it lacked sufficient notice to prepare a representative in time for a deposition before the close of fact discovery since it only first received a formal 30(b)(6) notice fifteen days prior to the close of fact discovery. Defendant asserts that it would need approximately thirty days to conduct a proper inquiry into the identity of the person who reviewed Plaintiff's exemption requests and therefore does not have enough time to do so before the close of discovery tomorrow. Plaintiff argues that Defendant should have been conducting said inquiry since May 28, 2024, when it received Plaintiff's Interrogatory requests including "2. Identify all individuals involved in the decision by Department of Education to deny Plaintiff's requests for religious exemption set forth in the Complaint. For each person, state the a) name; b) address; c) telephone number; d) if employed by Defendant, the position of that person; and e) involvement by that person in the decision(s) to deny Plaintiff's religious exemption(s)."

Moreover, in its response to the aforementioned Interrogatory, Defendant identified only three possible individuals, one of whom was Katherine Rodi—who, as discussed above, had no individual knowledge of Plaintiff's specific request for exemption. Thus, all that is left is for Defendant to identify which one of the other two individuals was the primary decisionmaker in denying Plaintiff's exemption requests. Finally, Plaintiff notes that Plaintiff's counsel first reached out to Defendant on July 3, 2024 regarding designating a representative (three weeks before the close of discovery), that this was two business days after Defendant noticed Plaintiff's deposition (although Plaintiff's deposition was not a 30(b)(6) notice), four business days after receiving Defendant's discovery responses, and eight business days *before* receiving Defendant's discovery production.

---

[2] Subject Matter (5) is "Defendant's motive, process, and justification for denying Plaintiff's request for a reasonable religious accommodation for exemption to the COVID-19 vaccination mandate." Subject Matter (6) is "The alleged undue burden that Plaintiff's reasonable religious accommodation request would have placed on Defendant."

Hon. Brian M. Cogan, U.S.D.J.
July 23, 2024
Page 3

Accordingly, Plaintiff respectfully requests a conference wherein Plaintiff intends to move for the Court to compel Defendant to appear for a 30(b)(6) deposition by or before July 24, 2024.

Respectfully submitted,

Dated: New York, New York
July 23, 2024

By:   Counsel for Plaintiff

   /s Marshall B. Bellovin
   Marshall B. Bellovin, Esq. (MB5508)
   mbellovin@ballonstoll.com